**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

VIOLET PHILBERT and JOHN PHILBERT,

                              Plaintiffs,

           v.                                                    No. 04-CV-405
                                                                      (DRH)
GEORGE'S AUTO AND TRUCK REPAIR;
PAUL R. THOMAS; BETTY J. STALKER, as
Administratrix of the Estate of GEORGE R.
STALKER, SR.; and BETTY J. STALKER,

                              Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

WINGATE, RUSSOTTI & SHAPIRO, LLP          STAVROS E. SITINAS, ESQ.
Attorney for Plaintiffs
420 Lexington Avenue, Suite 2750
New York, New York 10170

THUILLEZ, FORD, GOLD, JOHNSON             DAVID E. ROOK, ESQ.
   & BUTLER, LLP
Attorney for Defendants George's Auto &
   Truck Repair and Betty J. Stalker
20 Corporate Woods Boulevard, 6th Floor
Albany, New York 12211

FRIEDMAN, HIRSCHEN & MILLER, LLP          THOMAS M. HIRSCHEN, ESQ.
Attorney for Defendant Paul R. Thomas
Post Office Box 1041
131 State Street
Schenectady, New York 12301-1041

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

        Presently pending is the motion in limine of plaintiffs Violet and John Philbert for an

order admitting the testimony of Violet Philbert's treating physicians on the issues of

causation and permanency of injuries.  Docket No. 29.  Defendants George's Auto and Truck Repair and Betty J. Stalker ("George's Auto") oppose the motion in its entirety. Docket No. 33.  Defendant Paul R. Thomas ("Thomas") opposes the motion only with respect to testimony regarding permanency of injuries.  Docket No. 32.  For the reasons which follow, plaintiffs' motion is denied without prejudice to renewal during trial.

## I. Background

Plaintiffs allege that on November 20, 2003, Violet Philbert was struck by a truck driven by Thomas and owned by George's Auto as she walked along North Street in the City of Stamford, Connecticut.  Am. Compl. (Docket No. 53) at ¶ 38.  Plaintiffs further alleges that as a result of this collision, Violet Philbert sustained multiple fractures, lacerations, mental anguish, and other injuries.  The medical records of numerous treatment providers were timely disclosed to defendants during discovery along with the identities of her treating physicians.  Those records indicate that despite suffering horrific injuries, Violet Philbert has made an unexpectedly good recovery.  Defendants neither deposed any of Violet Philbert's treatment providers nor sought any independent medical examinations.

During preparations for trial, defendants objected to plaintiffs eliciting any testimony from treating physicians as to causation or permanency of Violet Philbert's injuries. Defendants contended that such testimony constituted the opinion testimony of expert witnesses, plaintiffs had failed to serve any expert witness reports as required by Fed. R. Civ. P. 26(a)(2)(B), and the testimony of any treating physician was therefore limited to what was disclosed in the medical records.  Plaintiffs then served defendants with reports from

2

certain of Violet Philbert's treating physicians asserting their opinions on the cause and permanency of her injuries.  Plaintiffs also filed the instant motion seeking admission at trial of testimony by the treating physicians on these issues.

## II. Discussion

Even if the testimony of a treating physician is limited to care, treatment, and diagnosis, that testimony relies on "scientific, technical, [and] other specialized knowledge" and is therefore governed by Fed. R. Evid. 702.  See Lamere v. New York State Office for the Aging, 223 F.R.D. 85, 87 (N.D.N.Y. 2004) (Treece, M.J.).  Thus, notice to adverse parties of the anticipated opinion testimony must be given in accordance with Fed. R. Civ. P. 26(a)(2).  The notice required, however, is limited for a treating physician testifying to care and treatment to disclosing the identity of the physician as required by Rule 26(a)(2)(A) and does not require the provision of a report and other information mandated by Rule 26(a)(2)(B) for a specially retained expert.  See Holdner v. Wal-Mart Stores, Inc., No. 03-CV-0763E(SC), 2005 WL 1263152, at *1 n.10 (W.D.N.Y. May 26, 2005); Lamere v. New York State Office for the Aging, No. 03-CV-0356, 2004 WL 1592669, at *1 (N.D.N.Y. July 14, 2004) (McAvoy, J.); Ziemba v. Armstrong, No. Civ. 3:98CV2344(JCH), 2004 WL 834683, at *1 (D. Conn. Mar. 19, 2004) ("Thus, to the extent that a treating physician testifies only to the care and  treatment of the patient, the physician is not considered to be a "specially employed" expert and is not subject to the written report requirements of Rule 26(a)(2)(B), notwithstanding that the witness may offer opinion testimony under the Federal Rules of Evidence.").

Here, Violet Philbert's treating physicians were identified to defendants by plaintiffs

and the medical records of such treatment were provided to or obtained by defendants. This satisfied the requirements of Rule 26(a)(2)(A) to permit the treating physicians to testify to their care and treatment of Violet Philbert and reports were not required.  Plaintiffs provision of reports of opinions concerning causation and permanency after the close of discovery was thus unnecessary to permit the testimony of the treating physicians concerning the care and treatment of Violet Philbert and untimely to permit their testimony as specially retained experts.  However, the absence of opinions on causation and permanency of injuries in the medical records and, the termination of Violet Philbert's treatment by her treating physicians months and years prior to the creation of these reports leaves uncertain whether the opinions contained in these reports were formed during and in furtherance of the care and treatment of Violet Philbert or thereafter in preparation for trial. This question cannot be resolved until after the trial testimony of the treating physicians is heard.

The issues presented here, however, concern the permissible scope of the testimony of the treating physicians regarding causation and permanency.  Generally, a treating physician must form an opinion on causation and permanency, or prognosis, to determine the nature of the injuries, the proper course of treatment, and when further treatment no longer remains necessary or useful.  See Zanowic v. Ashcroft, No. 97CIV.5292JGKHBP, 2002 WL 373229, at *2 (S.D.N.Y. Mar. 8, 2002) (collecting cases); Salas v. United States, 165 F.R.D. 31, 32 (W.D.N.Y.1995) (stating that doctors' "opinions with respect to the injuries or illnesses sustained as they causally relate to [the] incident and his/her opinion as to permanency" were not subject to the written report requirement); Baker v. Taco Bell, 163 F.R.D. 348, 349 (D. Colo.1995) (same).

The foundation for the admissibility of the testimony at issue here, then, is whether the opinions sought to be elicited by plaintiffs were developed within the scope of the witness' care and treatment of Violet Philbert, in which case they are admissible, or thereafter in anticipation of trial, in which case they are not.  The sufficiency of the foundation for any such opinions thus requires a showing that the opinion in question was necessary and material to treatment, the opinion was formed during the course of the physician's treatment of Violet Philbert, and the physician relied on the opinion in determining the nature, course, duration, or termination of treatment.  A determination of the sufficiency of the foundation for such testimony cannot be made until the witness testifies to these matters at trial and, therefore, plaintiffs' motion here must be denied without prejudice as premature.

Defendants argue two contentions in opposition to plaintiffs' motion which merit comment.  First, they contend that the testimony of any treating physician should be limited to matters disclosed by the medical records.  Therefore, because the medical records reveal no opinions by treating physicians as to causation or permanency, testimony regarding such opinions should not be permitted.  However, unlike reports required by Rule 26(a)(2)(B), medical records do not serve to limit a physician's testimony but serve more accurately as prior statements or records of treatment.  Thus, the absence in medical records of references to opinions regarding causation or permanency does not preclude plaintiffs from eliciting treating physicians' opinions on those issues.

Second, defendants contend that they have been unfairly surprised by plaintiffs' intent to elicit opinions on causation and permanency.  Defendants contend that they determined not to depose any treating physician or to obtain any independent medical

examinations because the medical records of Violet Philbert disclosed no opinions which defendants would need to rebut.  As noted above, however, the opinion testimony of the treating physicians is not limited by what is contained in the medical records but rather depends on what, if any, opinions were formed as part of Violet Philbert's care and treatment.  Defendants were duly notified by plaintiffs of their intent to elicit testimony from these treating physicians.  Defendants' election not to depose any of these witnesses does not limit the testimony which plaintiffs are otherwise entitled to elicit from these witnesses.[1]

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that plaintiffs' motion for an order admitting the opinion testimony of Violet Philbert's treating physicians as to the cause and permanency of her injuries (Docket No. 29) is **DENIED** without prejudice to renewal during trial upon demonstrating a proper foundation for such testimony.

**IT IS SO ORDERED.**

DATED:  December 5, 2005
            Albany, New York

United States Magistrate Judge

_____

[1]As to independent medical examinations, given the unexpectedly good recovery by Violet Philbert reflected in her medical records, it is at least equally likely that defendants determined not to obtain any such examinations because they were unlikely to report any conditions more favorable to defendants than already reported by her treating physicians.